## DAVID A. FRAME v. SAMUEL BOYD ET AL.

1. Where the return of a public road, laid out by surveyors of the highways, with a map accompanying the same, after having been filed in the proper clerk's office, has been accidentally lost, on proper proof being made of such loss, the court may order a certified copy of the return, and a map of substantial identity with the original, to be made and recorded in the road-book.

2. The mode of assessing damages, as the facts were shown to the court held not to be improper.

In matter of public road. On *certiorari* to the Court of Common Pleas of Essex county.

Argued at February Term, 1872, before Justices BEDLE, DALRIMPLE, and DEPUE.

For prosecutor, *Runyon & Leonard.*

For defendants, *J. W. Taylor.*

BEDLE, J. This *certiorari* was improperly entitled against the Court of Common Pleas of Essex county. An amendment is ordered, substituting the applicants for the court. *State* v. *Stout et al.,* 4 *Vroom* 42.

The chief point raised by the writ is, whether the common pleas could order a copy of the return and map of the surveyors to be recorded in place of the original return and map, the same having been lost from the files of the court. The return laying out the road was filed June 24th, 1870, and a caveat duly entered, but which was not proceeded with, and the court, in January, 1871, ordered the same dismissed, and the return to be recorded. This duty the clerk was unable to perform, from the fact that the same could not be found. The court thereupon directed testimony to be taken to establish the loss of the return and map, and to prove their contents, and upon satisfactory proof thereof ordered a certified

copy of the return, and a map of substantial identity with the original, to be recorded in the road-book.    As a general rule, the legal existence of a record, when involved in a proper judicial inquiry, may be proved by evidence of its loss or destruction, (having once existed,) and of its contents.  *Stockbridge* v. *West Stockbridge*, 12 *Mass.* 401 ; 1 *Stark. Ev.* 194, and notes ; *Thurston* v. *Slatford*, 1 *Salk.* 284 ; *Norris Peake* 59, and notes ; *Jackson* v. *Cullum*, 2 *Blackford* 228 ; *Newcomb* v. *Drummond*, 4 *Leigh* 57.

A court can also, when necessary, supply its own writs or proceedings *nunc pro tunc*, when the same are lost or destroyed, as in the case of a *fieri facias* accidentally destroyed. *White* v. *Lovejoy*, 3 *Johns.* 448 ; or a *nisi prius* record when lost.   *Jackson* v. *Hammond*, 1 *Caines' R.* 496.

This return was not the act of the court, and therefore the court could not technically supply it with another.   It was, however, a proceeding in the course of judicial action, for the surveyors met under the appointment of the court; their return was filed with the clerk thereof, and the court had full power, under a well-settled course of adjudication, to set it aside, if defective.   Besides, where a caveat is filed, as in this case, and not prosecuted, the court, by section eight of the road act, must order the clerk to record the return.   Without that action of the court, the return would be ineffective.   The record is essential to the validity of the road.   The duty of the court to order the return recorded necessarily involves a judicial inquiry into the fact of its existence, and that may be shown by the production of the original, or proof of its loss and contents, in the same mode as any other lost document may be proved.   This power must necessarily exist, to enable the court to carry out its duty, and to give effect to a proceeding already completed, save only the recording thereof under the action of the court, and which might otherwise be defeated by accident, carelessness, or fraud.   The return is not merely a statutory proceeding outside of the court, filed in the office, and over which the court has no control, but, although statutory, it is part of a judicial proceeding in the court, and to

Frame v. Boyd et al.

give effect to which, in this case, the order of the court was necessary. Had the return been recorded, and the record lost, the loss and contents could have been shown, where the record was judicially involved, and I see no reason why the court, when the existence of an unrecorded return is in question, should not establish it by the same modes of proof, and thereby be enabled to make the record.

This power should, of course, be carefully exercised, and the evidence be clear and conclusive. There is no difficulty in this case, in that respect, and therefore the order of the court was properly made.

The next objection is, that the sum of ten cents was only awarded to the prosecutor for his damages. A like sum was assessed in favor of each owner whose lands were taken— making fifty cents total—which amount was assessed upon one owner of lands in the neighborhood, under section fifteen of the road act of March 23d, 1859 (*Nix. Dig.* 841*), which section was applicable to the township in which this road was laid out. That section is to be taken in connection with the supplement of March 22d, 1860, which provides for an assessment of damages over and above advantages. When the act of 1859 was passed, damages were assessed, generally, under the supplement of March 1st, 1850, (*Nix. Dig.* 833, § 1,†) but when the supplement of 1860 was passed, it necessarily modified section fifteen of the act of 1859, in its reference to the act of 1850, and henceforth damages were to be assessed over and above the advantages. Upon that principle, this court, in the absence of evidence, cannot say that the assessment was improper.

None of the other reasons assigned are sufficient to disturb the return.

The order of the court, and the proceedings, must be affirmed.

Justices DALRIMPLE and DEPUE concurred.

---

* *Rev.*, p. 1016, § 115.   † *Rev.*, p. 992, § 3.